IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02616-CMA-MEH

DONNA LYNN GOODWIN,

    Plaintiff,

v.

UNITED STATES GOVERNMENT,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DIMISS AND
DISMISSING THIS CASE IN ITS ENTIRETY**

---

This matter is before the Court on Defendant United States Government's Motion to Dismiss (Doc. # 15) pursuant to Federal Rules of Civil Procedure 4(c), 4(i), 12(b)(5), 12(b)(1), and 12(b)(6). Defendant specifically requests dismissal of Plaintiff Donna Lynn Goodwin's Complaint, wherein she claims entitlement to a refund from the Internal Revenue Service (IRS) in the amount of $208,995.00 for alleged wrongfully withheld private earnings in 2013, 2014, 2015, and 2016. Plaintiff did not respond to the Motion, and for the following reasons, the Court grants it and dismiss this case.

**I.**      **Service of Process**

Rule 4(c)(2) provides that only nonparties may serve a summons and complaint. Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail. *Constien v. United States*, 628 F.3d 1207, 1213

(10th Cir. 2010). Moreover, a party seeking to serve the United States, its agencies, and employees must comply with Rule 4(i), which requires the party to "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or send a copy of these documents "by registered or certified mail to the civil-process clerk at the United States attorney's office." If service of process is insufficient, a defendant may move for dismissal under Rule 12(b)(5).

Based on the certified mailing receipt filed in this case, it appears that Plaintiff, herself, placed the Summons and Complaint in the mail. (Doc. # 6.) Plaintiff has accordingly failed to comply with Rule 4(c)(2). It further appears that Plaintiff sent copies of the summons and Complaint to the United States Attorney General in Washington , D.C. but she did not serve the United States Attorney for the District of Colorado. Plaintiff has, therefore, also failed to comply with Rule 4(i). For these reasons, dismissal for insufficient service of process under Rule 12(b)(5) is warranted.

## II.    Subject Matter Jurisdiction

### A. LAW

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*24, 518 F.3d 1186, 1189 (10th Cir. 2008). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint' s allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting

2

evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The instant motion launches a factual attack on this Court's subject matter jurisdiction.

In order to bring a lawsuit against the United States, a party must identify an express waiver of sovereign immunity and statutory authority granting subject matter jurisdiction. *See U. S. v. Mitchell*, 445 U.S. 535, 538 (1980); *U. S. v. Sherwood*, 312 U.S. 584, 586 (1941); *Smith v. Krieger*, 389 Fed. Appx. 789, 795 (10th Cir. July 27, 2010) (unpublished). Waivers of sovereign immunity must be express and cannot be implied. *See Mitchell*, 455 U.S. at 538; *Smith*, 389 Fed. Appx. at 795.

More specifically, a taxpayer bringing an action against the United States bears the burden of establishing an unequivocal waiver of sovereign immunity. *Fostvedt v. U.S.*, 978 F.2d 1201, 1203 (10th Cir. 1992). Even if a lawsuit, like this one, is brought pursuant to a statute in which the United States expressly waives its sovereign immunity, the suit must strictly comply with the terms of the statute or else it is subject to dismissal. *Sherwood*, 312 U.S. at 590.

As pertinent here, 26 U.S.C. § 7422(a) of the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

3

The regulations promulgated under § 7422(a) state, "The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas.Reg. § 301.6402-2(b)(1). If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed, *L.E. Myers Co. v. United States*, 673 F.2d 1366, 1367, 230 Ct.Cl. 142 (1982), because filing pursuant to the rules is a jurisdictional prerequisite, *Martinez v. United States*, 595 F.2d 1147, 1148 (9th Cir. 1979). In other words, "[t]o qualify as a refund claim, the tax return must not only be properly executed, but it also must at a minimum 'identify . . . 'the essential requirements' of each and every refund demand.'" *Thompson v. United States*, 1999 WL 302453, *2 (N.D.Ga. 1999) (Story, J.) (citing *In re Ryan*, 64 F.3d 1516, 1521 (11th Cir. 1995)); *Ruble v. U.S. Gov't, Dep't of Treasury*, I.R.S., 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001).

### B. ANALYSIS

Defendant argues that Plaintiff has failed to meet the requirements of § 7422(a) because she fails to identify the essential requirements of each and every refund demand. The Court agrees.

Plaintiff alleges that she filed a refund claim with the IRS on May 1, 2017, which she has attached as "Addendum A" to her Complaint. Essentially, "Addendum A" consists of charts claiming that Plaintiff has no gross, taxable income related to tax years 2013 through 2016, and several pages of legal argument purportedly supporting those claims. Therein, Plaintiff admits that she previously filed W-4 forms claiming income but she now "rescinds, revokes, cancels, abrogates, annuls, discharges, and

4

makes void" those claims of income. Plaintiff has also submitted various Forms 1040X to the IRS, attempting to amend her 2013 through 2016 tax returns. 26 C.F.R. § 301.6402–3(a)(5) ("A properly executed individual . . . income tax return or an amended return . . . constitute a claim for refund or credit. . . ." 26 C.F.R. § 301.6402–3(a)(5); *see also Ruble v. U.S. Gov't, Dep't of Treasury, I.R.S.*, 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001). In each Form 1040X, however, Plaintiff claims no taxable income or tax liability—instead highlighting merely the amount she is owed for a refund without providing any mathematical basis for her claims. Attached to her Form 1040X submissions, Plaintiff included a document that includes the same legal theories as included in her "Addendum A."

Essentially, Plaintiff's refund claims assert an entitlement to a refund under the theory that she is not subject to the jurisdiction of the United States or the IRS because she is "natural born in one of the union States of America, under the Constitution, and Law" which makes her "one of the Sovereign American people." (Doc. # 1 at 5.) Plaintiff admits that she is "domiciled in one of the 50 union States of America," but not that she was born in any territory over which the United States is sovereign. (*Id.* at 7.) Plaintiff instead identifies herself as a "Non-Resident Alien (AMERICAN) of Corporate United States," and argues that the United States Government is only permitted to legislate within "Ten Miles Square," i.e. in Washington, D.C. (Doc. # 15-6 at 2, 5.) Plaintiff further explains her belief that she has not derived any income from any territory within the jurisdiction of the United States, she has not earned any "wages" as an "employee"

5

under the applicable federal regulations, and she is not involved in any trade or business. (*Id.* at 8.)

Plaintiff's purported refund claims do not constitute properly-executed claims which identify the essential requirements of each and every refund demand. Indeed, they are "nothing short of frivolous and fraudulent" and do not constitute proper refund claims. *See Thompson v. United States*, 1999 WL 302453, *2 (N.D.Ga. 1999) (Story, J.); see also § 6702(a)(1)(B) (defining a frivolous return as one which "contains information that on its face indicates that the self assessment is substantially incorrect"); *Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008) (concluding that tax-protestor arguments such as those made by Plaintiff in this case, including that she is not subject to the income tax because she is a "non resident alien to the political jurisdiction of the United States, have long been held to be lacking in legal merit and frivolous"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (detailing a long list of tax-protester arguments that are "completely lacking legal merit and patently frivolous," including several arguments made by Plaintiff in this case).

The Court accordingly finds that Plaintiff failed to file a properly-executed refund claim thereby depriving this Court of jurisdiction to entertain this refund action pursuant to 26 U.S.C. § 7422(a). Thus, the action must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).[1]

---

[1] Based on this conclusion, the Court need not address Defendant's arguments that the Complaint fails to state a plausible claim for relief under Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (Doc. # 15) and DISMISSES this case in its entirety.

DATED: March 30, 2018

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge